THE STATE ex rel. BOLIN, Appellant,

v.

OHIO ENVIRONMENTAL PROTECTION AGENCY et al., Appellees.

[Cite as *State ex rel. Bolin v. Ohio Environmental Protection Agency* (1992), 82 Ohio App.3d 410.]

Court of Appeals of Ohio,
Summit County.

No. 15527.

Decided Oct. 7, 1992.

*David Cox,* for appellant.
*Harry Tipping* and *Marilyn R. Wiesen,* for appellees.

REECE, Judge.

Plaintiff-appellant, Paul R. Bolin, is the owner of a 7.12–acre tract of land located in Uniontown, Ohio. A portion of his property was previously used by Bolin Oil Company in the operation of a gasoline service station and a bulk oil facility. On October 8, 1990, Bolin entered into a conditional agreement to sell the property to the Shell Oil Company ("Shell"). By the terms of this contract, Bolin was required to reduce any soil and groundwater contamination on the property to levels acceptable to Shell. To comply with this requirement, Bolin hired North American Construction Company ("North American"), to conduct the necessary environmental remediation.

In March 1991, North American issued a report of its remediation work detailing its cleanup efforts and findings. This report states that soil tests conducted prior to commencing any cleanup showed petroleum "contamination over wide sections of the retail and bulk storage areas of the property." According to the report, this necessitated removal of "over 17,000 cubic yards of [contaminated] soil." Soil and groundwater samples taken after the

excavation revealed the presence of either minimal or no chemical contamination.

A copy of this report was submitted by North American to the Ohio Environmental Protection Agency ("OEPA"). While nowhere in the record is there a copy of North American's letter to the OEPA, apparently North American, on Bolin's behalf, sought confirmation that the property was now in conformity with the requirements of R.C. Chapters 3734 and 6111, which regulate, respectively, hazardous wastes and water pollution. OEPA responded to North American's request with a letter, dated March 7, 1991, written by Steven Love, a supervisor with OEPA's Division of Emergency and Remedial Response. Love advised North American that the OEPA would neither confirm the remediation work performed by North American nor conduct its own tests on the property to determine compliance with applicable state statutes. At the same time, OEPA stated that it reserved the right to conduct future inspections of the property and require remediation if necessary to bring the property into compliance.

On July 24, 1991, Bolin commenced this lawsuit against the OEPA, its Director, Donald R. Schregardus, and the state of Ohio. Bolin contends that as a result of OEPA's refusal to confirm that his property is now in compliance with R.C. Chapters 3734 and 6111, Shell will exercise its option not to purchase his property. Bolin seeks a writ of mandamus and/or a mandatory injunction compelling the OEPA to either test his property for contaminants or certify North American's report. Alternatively, Bolin asks for a declaratory judgment that the property is in compliance with applicable state laws and exempt from OEPA regulation.

On September 16, 1992, the OEPA moved to dismiss Bolin's complaint pursuant to Civ.R. 12(B)(6) as failing to state a cause of action upon which relief may be granted. OEPA's motion was granted by the court on December 16, 1991. Bolin appeals the dismissal of his complaint, raising the following two assignments of error.

### Assignments of Error

"The trial court erred in failing to rule on plaintiff-appellant's motion to compel discovery and in granting the defendant-appellee's motion to dismiss prior to the deposition of a key defendant-appellee employee.

"The court erred in granting defendant-appellee's motion to dismiss."

 The main issue in this case is whether the OEPA is under a legal duty to inspect Bolin's property. For a writ of mandamus to issue, Bolin must demonstrate (1) that he has a clear legal right to the relief prayed for; (2) that the OEPA is under a clear legal duty to perform the act(s) demanded; and (3)

that he has no adequate remedy at law. *State ex rel. Petroleum Underground Storage Tank Release Comp. Bd. v. Withrow* (1991), 62 Ohio St.3d 111, 113, 579 N.E.2d 705, 707.

In support of his position that the OEPA has a duty to inspect the property, Bolin cites that portion of R.C. 3734.10 which states:

"Upon written request by any person, the board of health or the [OEPA] director *shall conduct such investigations and make such inquiries as are necessary to secure compliance with this chapter or the rules adopted thereunder.* The [OEPA] director or any board of health may, upon request or upon their own initiative, investigate or make inquiries into any alleged violation or act of improper solid waste disposal, improper infectious waste transportation or treatment, or improper hazardous waste storage, transportation, treatment, or disposal." (Emphasis added.)

Bolin asserts that under this statute the OEPA is obligated to conduct such tests of his land as are necessary to ensure that his property is not in violation of R.C. Chapter 3734. He argues that such investigations must be conducted upon the "written request of any person," including the owner of the property. He claims that North American's report, showing the existence of widespread contamination of the property, demonstrates the legitimacy of his assertion that the property was not in compliance with R.C. Chapter 3734. Therefore, OEPA has a mandatory duty to "investigate" and "secure compliance."

While we agree that under R.C. 3734.10 the OEPA must investigate complaints of improper handling of hazardous wastes, we do not agree that this statute requires OEPA to conduct the soil and groundwater tests which Bolin desires. Even if we were to concede that this is one interpretation of this statute, when resolving uncertainties in a statute this court is obliged to discern the intentions of the General Assembly by examining the "language employed and the purpose to be accomplished." *State ex rel. Francis v. Sours* (1944), 143 Ohio St. 120, 124, 28 O.O. 53, 55, 53 N.E.2d 1021, 1023. A strong presumption exists against any construction that would produce unreasonable or absurd consequence. R.C. 1.47(C). See, also, *Canton v. Imperial Bowling Lanes, Inc.* (1968), 16 Ohio St.2d 47, 45 O.O.2d 327, 242 N.E.2d 566, paragraph four of the syllabus; *State, ex rel. Belknap v. Lavelle* (1985), 18 Ohio St.3d 180, 181–182, 18 OBR 248, 249–250, 480 N.E.2d 758, 759–760. Accordingly, the Ohio Supreme Court declared in *Gulf Oil Corp. v. Kosydar* (1975), 44 Ohio St.2d 208, 73 O.O.2d 507, 339 N.E.2d 820, paragraph two of the syllabus, that:

"If the construction and interpretation of statutory language reveals the statute to be facially ambiguous, it is the function of the courts to construe the statutory language to effect a just and reasonable result."

R.C. 3734.10 deals exclusively with the OEPA's duty to investigate alleged violations for the sole purpose of prosecuting any noncompliance with R.C. Chapter 3734. While the OEPA does have a duty to investigate violations of R.C. Chapter 3734, this does not mean that the OEPA must conduct on-site testing of the property. The statute requires only that the OEPA, within its discretion, make such investigations and inquiries as are necessary. Nowhere does the statute specifically require the OEPA to conduct soil and water tests to verify compliance after an alleged violation has been found and remedied. Acceptance of Bolin's position would place an unreasonable burden on the OEPA, which as a state agency would in turn place the burden on the public treasury. Finding that the OEPA has a duty to conduct the type of inspection Bolin desires, based on a private party's assertion that his property may be in violation of R.C. Chapter 3734, risks devoting OEPA's resources to inspecting property incident to private land transactions. At the request of any private citizen, OEPA would be required to conduct soil and water tests. Such an interpretation would enable parties in a land transaction to forgo using private consultants such as North American and utilize the free services of the OEPA. Awareness of this service would further encourage landowners to seek OEPA's inspection merely to show potential buyers that their land is not contaminated. We do not believe that the General Assembly intended such an "absurd consequence" in the adoption of R.C. 3734.10.

Accordingly, we find that the OEPA was under no legal duty to provide the inspection requested by Bolin. Therefore, dismissal of the mandamus action was proper.

■ We next turn to Bolin's action for declaratory judgment. In his complaint, Bolin requested a declaratory judgment as to whether his property was encompassed within the requirements of R.C. Chapter 3734 and 6111. Under R.C. 2721.03:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

While R.C. 2721.03 grants the general authority to test the construction of a law, there must exist a justiciable issue for declaratory relief to ensue. As the Supreme Court has stated:

"[I]n order to grant declaratory relief, the court must be convinced of the existence of '* * * a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St.2d 35, 37, 65 O.O.2d 179, 180, 303 N.E.2d 871, 873 (quoting *Aetna Life Ins. Co. v. Haworth* [1937], 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617, 621).

In the present case, we fail to find any justiciable issue between Bolin and the OEPA. While Bolin requests a declaration that his property is in compliance with R.C. Chapters 3734 and 6111, OEPA has never asserted a claim that the property is not in compliance. The OEPA has never initiated any investigation or proceeding alleging the Bolin's property is in violation of any of the state environmental statutes. All the OEPA has done, by Love's letter, is to assert that it reserves the right to conduct future investigations under R.C. 3734.10 and 6111.03 to determine whether any violations have occurred necessitating further remedial measures. The OEPA has the authority, at any time, to investigate and abate unlawful pollution occurring anywhere within the boundaries of the state of Ohio. The mere possibility that the OEPA may exercise such authority in the future is too remote to constitute a present, justiciable issue. Accordingly, we find no controversy between the OEPA and Bolin giving rise to a declaratory judgment.

Bolin's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.