JOURNAL ENTRY AND OPINION
Relator, the City of Cleveland, has filed a complaint for a writ of prohibition through which it seeks an order from this Court which prevents the respondent, Judge Thomas J. Pokorny, from proceeding to judgment in the underlying case of Association of Cleveland Fire Fighters, Local 93 of the International Association of Fire Fighters, et al. v. City of Cleveland, Cuyahoga County Court of Common Pleas Case No. CV-389348. The respondent has filed a motion to dismiss, which we grant for the following reasons.
On August 10, 1999, a complaint was filed in the Cuyahoga County Court of Common Pleas by the Association of Cleveland Fire Fighters, Local 93 of the International Association of Fire Fighters. The complaint, as filed in the CV-389348, is styled as a tax payers' suit and further seeks a declaration of the extent of liability of the relator with regard to the alleged illegal exclusion of all assistant fire chiefs from the deemed certified bargaining unit from 1987 to 1998. On October 15, 1999, the relator filed a motion to dismiss the complaint for a tax payers' suit and for a declaratory judgment. On May 24, 2000, the motion to dismiss was denied. On January 3, 2001, the Association of Fire Fighters, Local 93 of the International Association of Fire Fighters filed a motion for summary judgment. On February 14, 2001, the relator filed a brief in opposition to the motion for summary judgment and also filed its own motion for summary judgment. The respondent has not issued any ruling with regard to either motion for summary judgment. On June 14, 2001, the relator filed a complaint for a writ of prohibition as well as an application for an alternative writ of prohibition. On June 26, 2001, we denied the relator's application for a alternative writ of prohibition.
Prohibition is an extraordinary writ which is not routinely or easily granted. For this Court to issue a writ of prohibition, the relator must demonstrate that: (1) the respondent is about to exercise judicial power; (2) the exercise of such judicial power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy exists in the ordinary course of the law. State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas (1996), 74 Ohio St.3d 536,66 N.E.2d 458; State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. An adequate remedy at law will preclude relief in prohibition. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68,417 N.E.2d 1382; State ex rel. Sibarco Corp. V. City of Berea (1966),7 Ohio St.2d 85, 218 N.E.2d 428. Furthermore, prohibition does not lie unless the relator clearly demonstrates that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571. Finally, prohibition must be used with great caution and should not be issued in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas (1940),137 Ohio St. 273, 28 N.E.2d 641; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
In the case sub judice, the relator argues that: (1) the respondent is about to exercise judicial power by ruling on the motions for summary judgment that are currently pending in CV-389348; (2) the respondent is without jurisdiction to issue a declaratory judgment or entertain a tax payers' suit; and (3) there exists no adequate remedy in the ordinary course of the law. Clearly, the respondent is about to exercise jurisdiction since two motions for summary judgment remain pending in CV-389348. Thus, the relator has established the first prong of the aforesaid three-part test. The relator, however, has failed to establish the second and third prong of the three-part test that is applicable when this Court determines whether a writ of prohibition should issue. In CV-389348, the respondent possesses the necessary jurisdiction to hear a complaint for declaratory judgment and also possesses the necessary judgment to entertain a tax payers' suit. See R.C. 2721.01; R.C. 733.59; Halley v. Ohio Co. (1995), 107 Ohio App.3d 518, 669 N.E.2d 70; Wagner v. Cleveland (1988), 62 Ohio App.3d 8, 574 N.E.2d 533. See, also, State ex rel. Tubbs-Jones v. Suster (1998), 84 Ohio St.3d 70, 710 N.E.2d 1002; State ex rel. Smith v. Avellone (1987), 31 Ohio St.3d 6, 508 N.E.2d 162. Finally, absent a patent and unambiguous lack of jurisdiction, a postjudgment appeal from a judgment which overrules a motion to dismiss will provide an adequate legal remedy which warrants dismissal of a complaint for a writ of prohibition. State ex rel. Toma v. Judge Corrigan (2001), 92 Ohio St.3d 589, 752 N.E.2d 281; Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.(1996), 76 Ohio St.3d 374,667 N.E.2d; Brooks v. Gaul (2000), 89 Ohio St.3d 202, 729 N.E.2d 752.
Accordingly, we grant the respondent's motion to dismiss since the relator's complaint for a writ of prohibition fails to state a claim upon which relief can be granted. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve notice of this judgment and date of entry upon all parties as mandated by Civ.R. 58(B). Costs to relator.
Dismissed.
DIANE KARPINSKI, A.J. and ANN DYKE, J., CONCUR.