JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Nationwide Mutual Insurance Company, appeals from the judgment of the Cuyahoga County Common Pleas Court, granting summary judgment to QualChoice, Inc., and denying it to Nationwide in a subrogation action. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm in part, reverse in part, and remand to the lower court for further proceedings consistent with this opinion.
 {¶ 2} On or about October 7, 2005, Ms. Kimberly Gale-Page was involved in an accident while allegedly operating a motor vehicle owned by Ms. Linda Borom, a vehicle for which Nationwide provided coverage. Ms. Gale-Page had health insurance coverage with QualChoice on or about October 7, 2005. Ms. Gale-Page sought medical care on the day of the accident. The medical care was paid for by QualChoice in the amount of $823.69. QualChoice provided the lower court with copies of the bills and payments. The claim summaries and UB92/HCFA forms represented payment records received and maintained by QualChoice.
 {¶ 3} Nationwide's policy provides for payment of medical expenses relating to an auto accident, stating that it will pay usual, customary, and reasonable charges. Nationwide's policy further states that it will apply utilization management or review to determine usual, customary, and reasonable charges and/or medically necessary services.[1]
However, QualChoice argues that Nationwide failed to provide the lower court with any evidence of a review of the charges. *Page 4 
 {¶ 4} According to the case, QualChoice filed suit against Nationwide seeking recovery through subrogation from the auto no-fault medical payments coverage for its participant, Ms. Kimberly Gale-Page. QualChoice filed its complaint and Nationwide filed its answer. Along with its answer, Nationwide propounded a set of interrogatories and a request for production of documents. Among the items requested were the medical bills and records for which QualChoice was seeking reimbursement.
 {¶ 5} QualChoice filed its motion for summary judgment on May 15, 2008 and Nationwide filed its motion for summary judgment on May 27, 2008. Nationwide filed its exhibits along with its brief in opposition to QualChoice's motion the next day on May 28, 2008. A final pretrial was held on July 15, 2008 and the trial court rendered its ruling on July 21, 2008. The lower court granted Qualchoice's motion for summary judgment and denied Nationwide's motion for summary judgment. The trial court further entered judgment in QualChoice's favor in the amount of $823.69. Appellant, Nationwide, now appeals the lower court's July 18, 2008 order denying Nationwide's motion for summary judgment and granting QualChoice's motion for summary judgment.
 {¶ 6} Nationwide assigns four errors on appeal:
 {¶ 7} "[1.] The trial court erred in granting summary judgment in favor for appellee." *Page 5 
 {¶ 8} "[2.] The trial court erred in rendering a judgment in favor of appellee in the absence of any evidence linking the alleged charges to the subject motor vehicle accident."
 {¶ 9} "[3.] The trial court erred in denying appellant's motion for summary judgment."
 {¶ 10} "[4.] The trial court erred in considering appellee's claims because they do not fall within the jurisdiction of a common pleas state court."
 {¶ 11} Due to the substantial interrelation between appellant's first and third assignments of error, we shall address them together. This court reviews the lower court's granting of summary judgment de novo in accordance with the standards set forth in Civ. R. 56(C). North CoastCable v. Hanneman (1994), 98 Ohio App.3d 434, 440, 648 N.E.2d 875. In order for summary judgment to be properly rendered, it must be determined that:
 "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party."
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267. See, also, State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447,448, 1996-Ohio-211, 663 N.E.2d 639. *Page 6 
 {¶ 12} The evidence in the case at bar demonstrates that there are genuine issues of material fact remaining. There is significant disagreement between the parties regarding at least five issues: 1.) Whether or not Ms. Linda Borom gave Ms. Gale-Page permission to drive her vehicle; 2.) Who was actually operating the vehicle on the day of the accident; 3.) What medical bills QualChoice actually submitted and paid; 4.) What corresponding medical records, if any, QualChoice actually produced; and 5.) Whether or not all of the treatments that Ms. Gale-Page received resulted from the car accident.
 {¶ 13} First, a review of the record demonstrates genuine issues of material fact as to whether or not Ms. Gale-Page had the permission of a covered driver at the time of the accident. Ms. Gale-Page filed an affidavit with the trial court. However, a review of Ms. Gale-Page's affidavit reveals that she did not state anywhere in her affidavit that she was given permission to drive the vehicle by Ms. Borom. In fact the affidavit, in its entirety, provides the following:
 "I, Kimberly Gale-Page, first being duly cautioned and sworn, state that I have personal knowledge of the following:
 1. I was covered for health insurance under QualChoice Inc. at the time of a car accident on October 7th, 2005.
 2. I am personally familiar with the accident, my injuries, and medical expenses and I am competent to testify to the matters stated herein. *Page 7 
 1. 3. On or about October 7th, 2005, I was injured in a car accident when the car of Linda Borom I was driving slid and caused an accident on South Taylor Road in Cleveland Heights, Ohio.
 4. I was treated at University Hospitals on October 7th for the accident and injuries.
 5. As [sic] the time of the accident, the motor vehicle owned by Linda Borom which I was driving was insured with Nationwide Insurance Company.
 6. The list of bills paid by QualChoice attached as Exhibit 1 is for care and treatment related to my injuries sustained in the accident of October 7th, 2005."[2]
 {¶ 14} In addition to the dispute as to exactly what permission, if any, was given, there are other genuine issues of material fact in dispute in this case. The second genuine issue of material fact that the parties disagree on concerns who was operating the vehicle on the day of the accident. Nationwide contends that there is no evidence to demonstrate that Ms. Gale-Page was actually operating the vehicle at the time of the accident. However, QualChoice argues that Ms. Gale-Page was indeed driving the Nissan. A review of the record demonstrates a lack of any significant evidence establishing that the QualChoice insured, Ms. Gale-Page, was *Page 8 
actually operating the Nissan at the time of the accident. While this may or may not be true, it is a genuine issue of material fact in dispute.
 {¶ 15} In addition to the material facts in dispute mentioned above, there is dispute as to what medical bills QualChoice actually submitted and paid. QualChoice failed to submit to the court all of the medical bills that it allegedly paid. In addition, QualChoice failed to produce all of the medical records corresponding to the medical services rendered.
 {¶ 16} Moreover, there are also disputes as to issues of material fact regarding whether all of the treatment Ms. Gale-Page received actually resulted from the car accident itself. Nationwide argues that QualChoice erroneously relied on a list prepared by its attorneys to determine medical services and bills. Nationwide also claims that the list QualChoice prepared included various forms called "Health Insurance Claims Forms" ("HICF").
 {¶ 17} Nationwide states that the forms attached to QualChoice's Motion for Summary Judgment indicate that the treatment QualChoice seeks recovery for is not related to an automobile accident.[3] In fact, Nationwide states that each of the three claim forms specifically state that the treatment rendered was not related to an automobile accident. However, QualChoice argues that all of the injuries are related to the accident. While some of these facts are less important than others, they do *Page 9 
illustrate material facts in dispute. We find that the evidence demonstrates significant dispute regarding at least five genuine issues of material fact.
 {¶ 18} Accordingly, appellant's first assignment of error is sustained.
 {¶ 19} Nationwide argues in its third assignment of error that the trial court erred in denying its motion for summary judgment. Appellant Nationwide argues that the trial court erred in refusing to give it's non-assignment clause its plain intended effect. Nationwide argues that "no interest or benefits in this coverage or cause of action against us arising out of this coverage can be transferred or assigned to another without our written consent.[4] Therefore, Nationwide claims QualChoice's claims are barred, and this court should reverse the lower court and render summary judgment in favor of Nationwide. We find no merit in Nationwide's argument.
 {¶ 20} Nationwide's policy must be given its ordinary meaning as to what claims it barred. See Cincinnati Ins. Co. v. CPS Holdings Inc.
(2007), 115 Ohio St.3d 306. "However, it is well-settled that, where provisions of a contract of insurance are reasonable susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins.Co. (1988), 35 Ohio St.3d 208, 211.
 {¶ 21} One interpretation is to construe assignability to include subrogation rights even though they are legally distinct. This is Nationwide's position. It is equally possible to interpret assignability narrowly to exclude only claims where a party has *Page 10 
signed an agreement to transfer title in the insured vehicle to another and give them the coverage as well.
 {¶ 22} The Nationwide policy restriction on assignability does not apply to Ms. Gale-Page or her subrogees since she is not the named insured. Ohio law prohibits application of policy provisions to be applied to a non-named insured who seeks medical payments coverage. SeeJohnson v. Progressive Ins. Co. (Dec. 23, 1999), Lake App. No. 98-L-102.
 {¶ 23} Accordingly, appellant's third assignment of error is overruled.
 {¶ 24} Nationwide argues in its fourth assignment of error that the lower court erred in considering QualChoice's claims because they were outside the jurisdiction of the common pleas court. We do not find merit in appellant's argument.
 {¶ 25} R.C. 2305.01, Jurisdiction in civil cases; transfer of action to municipal court, provides the following:
 "Except as otherwise provided by this section or section 2305.03 of the Revised Code, the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts and appellate jurisdiction from the decisions of boards of county commissioners."
(Emphasis added.)
 {¶ 26} Accordingly, common pleas courts have jurisdiction over cases in excess of $500. The amount in controversy in the case at bar is $823.69, clearly in excess of *Page 11 
$500. Appellant Nationwide argues that there are thousands of similar cases filed in common pleas court and some of them may be below the $500 threshold. However, appellant's argument is misguided. We are not ruling on other cases and controversies in this appeal. This case is limited to Nationwide and QualChoice and the controversy in question.
 {¶ 27} Appellant, Nationwide, further argues that ERISA bars review by the common pleas court in this case. The Employee Retirement Income Security Act of 1974 ("ERISA") is a federal law that sets minimum standards for retirement and health benefit plans in private industry.
 {¶ 28} Appellant's argument is misplaced. We are evaluating this case as a state law contract claim. Although we are not directly addressing the question of whether the subject QualChoice plan is an ERISA plan in this case, we do note that ERISA is not the sole claim here and does not preempt ordinary state law claims in this case.[5]
 {¶ 29} Assuming arguendo, that ERISA does apply to the benefits offered by QualChoice, appellant's argument is still without merit. Ohio courts have concluded that subrogation claims by ERISA benefit plans are governed by state law and are not *Page 12 
preempted. In fact, Ohio appellate courts are on record that subrogation claims by ERISA administrators or insurers are governed by state law.[6]
 {¶ 30} The following factors indicate that a state law is merely peripheral to a pension plan: (1) The law involves an area of traditional state regulation; (2) The state law does not affect relations among the ERISA entities, i.e., the employer, the plan, the plan fiduciaries and/or the beneficiaries; and (3) The effect of the state law on the plan is incidental in nature. Firestone Tire RubberCo. v. Neusser (C.A.6, 1987), 810 F.2d 550. See, also, Halley v. OhioCo. (1995), 107 Ohio App.3d 518, 523.
 {¶ 31} Therefore, under this court's ruling in Halley, this case is not preempted and can proceed under Ohio law. If we assume QualChoice is an ERISA entity in this case, there is no evidence that Nationwide is an ERISA entity in connection with this auto accident. Moreover, the regulation of insurance is a traditional state area, the state law does not affect relations among the ERISA entities in this case, and the effect of the state law is incidental in nature. We find that theHalley factors do not support Nationwide's assertions that the lower court was without jurisdiction in this *Page 13 
case. Accordingly, we find that the lower court has jurisdiction and is not prohibited by law from hearing this case.
 {¶ 32} Appellant's fourth assignment of error is overruled.
 {¶ 33} Because of the disposition of appellant's first and third assignments of error, appellant's second assignment of error is moot.[7]
 {¶ 34} The judgment of the Cuyahoga County Court of Common Pleas is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LARRY A. JONES, JUDGE PATRICIA A. BLACKMON, P.J., and MELODY J. STEWART, J., CONCUR.
[1] See Nationwide policy, pages M1 — M4.
[2] See Exhibit 2 of Plaintiff's May 15, 2008, Motion for Summary Judgment by QualChoice against Nationwide.
[3] See QualChoice Exhibit 1.
[4] See appellant's brief, p. 16 and Exhibit D, p. M4.
[5] ERISA Section 514 preempts all state laws that relate to any employee benefit plan, with certain, enumerated exceptions. The most important exceptions — i.e., state laws that survive despite the fact that they may relate to an employee benefit plan — are state insurance, banking, or securities laws, generally applicable criminal laws, and domestic relations orders that meet ERISA's qualification requirements.
[6] The Twelfth District found that subrogation rights are governed by Ohio's state law and ERISA does not bar such actions. Bradburn v.Merman (1999), 1999 Ohio App. LEXIS 5018, 7-8 (Ohio Ct.App. 1999), citing, Leasher v. Leggett Platt, Inc. (1994), 96 Ohio App.3d 367,373. The Second, Third and Ninth Districts have also found similar results. Beasecker v. State Auto Insurance Co., et al., (2nd App. Dist. Darke County 2001) 2001 Ohio App. LEXIS 341 (allowed a state court action by ERISA participant against ERISA insurer); Immediate Pharmaceutical Services, Inc. v. Superior MetalProducts, Inc. Employee Benefit Trust (3rd App. Dist. Allen County 1999), 134 Ohio App.3d 748 (allowed breach of contract claim between pharmacy and health plan). Tri-County Building Trade Fundv. First Benefits Agency, Inc. (9th App. Dist. Summit County 1998) 1998 Ohio Ap. LEXIS 5271. The Eighth District followed a similar rationale in Halley v. The Ohio Company (1995),107 Ohio App.3d 518 (allowed a suit by plan fiduciary against brokerage firm).
[7] Remaining errors are moot. App. R. 12(A)(1)(c). *Page 1