[Cite as *Machlup v. TIAA-CREF Individual & Inst. Serv.*, 2013-Ohio-2704.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99298

---

# MARILYN MACHLUP

## PLAINTIFF-APPELLANT

vs.

# TIAA-CREF INDIV. & INST. SERV., ET AL.

## DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-782861

**BEFORE:** Blackmon, J., Celebrezze, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 27, 2013

**ATTORNEYS FOR APPELLANT**

Richard N. Selby, II
Angela D. Krupar
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077


**ATTORNEYS FOR APPELLEES**

Matthew D. Golish
Vincent T. Norwillo
Gonzales Saggio & Harlan, L.L.P.
526 Superior Avenue
Suite 620
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

**{¶1}** In this accelerated appeal, appellant Marilyn Machlup ("Machlup") appeals the trial court's dismissal of her complaint for lack of jurisdiction and assigns the following error for our review:

**The trial court erred in determining that plaintiff/ appellant's complaint was preempted by the Federal Employee Retirement Income Security Act and improperly dismissed plaintiff/appellant's complaint.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision.   The apposite facts follow.

### Facts

**{¶3}** Machlup is the widow of Professor Stefan Machlup, a former physics professor at Case Western Reserve University ("University").   Professor Machlup was employed at the University for 44 years and participated in the University's ERISA-governed Section 403(b) retirement plan.   Retirement annuity contracts issued by TIAA-CREF (Teachers Insurance & Annuity Association of America and College Retirement Equities Fund) fund the plan.   When he enrolled in the plan, he was issued deferred annuity contracts.   The annuities provided for retirement and post-retirement death benefits on a tax deferred basis until the account holders attain the age where the Internal Revenue Service mandates they take the required distributions to fulfill tax law obligations.

**{¶4}** On August 24, 2002, Professor Machlup was 70 and one-half years old, thus he requested his retirement benefits be converted into minimum distribution income

streams ("MDO") based on mandatory tax obligations. At this time, Professor Machlup also exercised his contractual option to provide death benefits for each contract, instructing that his wife receive one-half of any death benefits available upon his passing and that his two sons divide the other half. He restricted each beneficiary to lifetime monthly annuity payouts.

{¶5} Professor Machlup died on August 16, 2008. TIAA-CREF's Release and Indemnification letter proposed a valuation of Machlup's property as of August 16, 2008, of $1,033, 313.18. The beneficiaries were provided applications to separate the accumulated death benefits into self-directed individual accounts and initiate their lifetime monthly annuity payouts as Professor Machlup had directed. Machlup accepted the distribution; however, her sons rejected the distribution arrangement, questioning both the value of the accumulated death benefits as well as their father's restriction that benefits be paid monthly for life.[1] Although Machlup had been receiving the annuity payments, on May 17, 2012, she filed a complaint in the common pleas court alleging conversion, breach of fiduciary duty, breach of duty for accounting, breach of duty to act in good faith and fair dealing, unjust enrichment, fraud in the inducement, and breach of contract. Underlying these claims are her contentions that TIAA-CREF failed to pay her the full value of her husband's pension and mismanaged the fund.

---

[1]The sons have a separate complaint pending in the court of common pleas.

**{¶6}** TIAA-CREF filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), claiming the action was preempted by ERISA. The trial court granted the motion to dismiss, stating in pertinent part:

> **To survive preemption a state claim must only relate to an employer benefit plan "tangentially."** *Halley v. The Ohio Co.*, **107 Ohio App.3d 518 (1995). However, when a state claim is based on a promise affecting the amount or calculation of benefits, even if the promise is made in writing separate from the pension plan, the claim "relates to" the pension plan and is preempted.** *Great Lakes Bancorp v. Holbrook*, **1996 U.S. Dist. LEXIS 4668. The court finds that in the instant matter, plaintiff's claims "relate to" an employer benefit plan and are therefore preempted by ERISA. Therefore, plaintiff's complaint is dismissed with prejudice. There is no just case for delay.** Journal Entry, Nov. 30, 2012.

### Jurisdiction

**{¶7}** Machlup argues in her sole assigned error that the trial court erred by dismissing her claims for lack of jurisdiction. She contends that her state claims were not preempted by ERISA.

**{¶8}** In order to prevail on a motion to dismiss pursuant to Civ.R. 12(B)(6), it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 1992-Ohio-73, 605 N.E.2d 378. A similar standard applies to Civ.R. 12(B)(1) motions: the court must dismiss if the complaint fails to allege any cause of action cognizable in the forum. *Blankenship v.*

*Cincinnati Milacron Chems., Inc.*, 69 Ohio St.2d 608, 611, 433 N.E.2d 572 (1982). An appellate court reviews rulings on both types of motions under a de novo standard of review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5 (reviewing a Civ.R. 12(B)(6) motion under a de novo standard); *Revocable Living Trust of Stewart I. Mandel v. Lake Erie Util. Co.,* 8th Dist. No. 97859, 2012-Ohio-5718, ¶ 17 (holding that an appellate court reviews a Civ.R. 12(B)(1) motion de novo).

{¶9} Additionally, in considering a motion to dismiss pursuant to Civ.R. 12(B)(1), the court is not confined to the allegations of the complaint, and may consider material pertinent to the inquiry without converting the motion into one for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), at paragraph one of the syllabus. At oral argument, appellant's counsel argued that the court erred by considering evidence outside the complaint because preemption does not involve subject matter jurisdiction. However, this court has previously held that if a claim is federally preempted, the common pleas court does not have subject matter jurisdiction over the matter. *Chenevey v. Greater Cleveland Regional Transit Auth.*, 8th Dist. No. 99063, 2013-Ohio-1902; *Cannon v. CSX Transp., Inc.*, 8th Dist. No. 84373, 2005-Ohio-99; *Kulak v. Mail-Well Envelope Co.*, 8th Dist. No. 76974, 2000 Ohio App. LEXIS 3949 (Aug. 31, 2000). Thus, the trial court did not err by considering evidence attached to TIAA-CREF's motion to dismiss.

{¶10} The federal Employment Retirement Income and Securities Act ("ERISA"), 29 U.S.C. 1001 et seq., is a comprehensive federal law governing employee benefits. In

pertinent part, ERISA defines an "employee benefit welfare plan" as any plan established or maintained by an employer for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, benefits in the event of death. 29 U.S.C. 1002(1).

{¶11} ERISA's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [covered by ERISA]." 29 U.S.C. 1144(a). "ERISA preempts state law and state law claims that 'relate to' any employee benefit plan as that term is defined therein." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir.1991); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

{¶12} "The phrase 'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'" *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 730, 105 S.Ct. 2380, 885 L.Ed.2d 728 (1985). Congress's intent in enacting ERISA was to completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern. *Pilot* at 46. "Thus, only those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted." *Cromwell* at 1276. One rationale for the broad application of the preemption clause is to avoid conflicting state rules on ERISA-related matters. *Internatl. Resources, Inc. v. New York Life Ins. Co.*, 950 F.2d 294, 299 (6th Cir.1991), citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S.

133, 141, 111 S.Ct. 478, 112 L.Ed.2d 474 (1991); *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990).

{¶13} Machlup argues that her claims are not preempted because her state law claims do not conflict with ERISA law. This court in *Halley,* 107 Ohio App.3d 518, 669 N.E.2d 70 (8th Dist. 1995), set forth the situations in which conflict preemption applied: (1) when state and common law claims are for recovery of an ERISA plan benefit and (2) when state law claims seek remedies for misconduct allegedly growing out of ERISA plan administration. *Id.* at 522.

{¶14} In the instant case, Machlup's claims are based on her contention that she is entitled to more accumulated death benefit distributions from her husband's annuities than TIAA-CREF is distributing. She also contends the alleged deficiency in her husband's annuities are the result of TIAA-CREF's alleged administrative mismanagement. Thus, resolving Machlup's state law claims for conversion, breach of fiduciary duty, breach of duty of good faith and fair dealing, and unjust enrichment will require the review of the investment allocations and the administration of the annuity contracts to confirm the account balances. Such review will require an interpretation of the ERISA plan terms and assessment of the administration of the plan.

> **In enacting ERISA, Congress' primary concern was with the mismanagement of funds accumulated to finance employee benefits and the failure to pay employees benefits from accumulated funds. To that end, it established extensive reporting, disclosure, and fiduciary duty requirements to insure against the possibility that the employee's expectation of the benefit would be defeated through poor management by the plan administrator.**

*Massachusetts v. Morash*, 490 U.S. 107, 115, 104 L.Ed.2d 98, 109 S.Ct. 1668 (1989).

{¶15} Therefore, Machlup's claims are more than tenuously related to the ERISA plan. As the court in *Cromwell,* 944 F.2d at 1276*,* stated,

**It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit. Appellants' complaint alleged promissory estoppel, breach of contract, negligent misrepresentation, and breach of good faith as grounds for the recovery of benefits \* \* \*. Thus, appellants' state law claims are at the very heart of issues within the scope of ERISA's exclusive regulation and, if allowed, would affect the relationship between plan principals by extending coverage beyond the terms of the plan. Clearly, appellant's claims are preempted by ERISA.**

{¶16} Likewise, here, Machlup's claims, although couched in state law terms, are seeking the recovery of accumulated pension benefits.

{¶17} Machlup also argues that her claims are not preempted because her annuity contracts with TIAA-CREF were purchased separately from her husband's retirement plan and, therefore, are unrelated to his pension plan. We disagree. In August 2002, Professor Machlup was required to take a minimum distribution from his retirement plan. Therefore, at his direction, he specified the required amounts from his original annuity

contracts be transferred to new minimum distribution contracts. He instructed that upon his death his accumulated pension benefits be transferred to new annuity contracts in Machlup's and their sons' names to be paid in monthly amounts. Thus, these were not new purchases, but transfers from the pension fund.

{¶18} Machlup cites to the decision in *Waks v. Blue Cross/Blue Shield*, 263 F.3d 872 (9th Cir. 2001), to support her contention that her annuity contracts were separate from Machlup's pension fund. However, *Waks* is distinguishable. In *Waks*, the plaintiff was covered by her employer group health insurance policy that was subsequently terminated and converted to an individual plan. Thereafter, plaintiff accrued medical costs, which the individual policy refused to cover. The plaintiff sued the insurance company, which argued her claims were preempted. However, the court concluded that ERISA did not preempt the plan because the individual policy was purchased separately from the terminated group plan. This is different from the instant case where Machlup is referring to wrongdoing regarding the management of her husband's pension fund. Moreover in *Waks*, the ERISA policy was terminated. In the instant case, the pension plan was never terminated. Instead, upon the professor's death, the pension amounts were transferred into annuity contracts. Thus, in the instant case, there is no separate purchase.

{¶19} Machlup also cites to the recent decision by the Sixth Circuit in *Gardner v. Heartland Indus. Partners, L.P.*, 2013 U.S. App. LEXIS 9470 (6th Cir.2013). *Gardner* is distinguishable. In *Gardner*, the plaintiffs' employer sold the company to a buyer. As

part of the deal to sell the company, the employer terminated the executives' pension plan in order to avoid payment of a 13 million dollar "change of control" fee to the executives set forth in the retirement plan. In the instant case, the pension fund was not terminated. Also, in *Gardner,* the sales agreement between the company and buyer was at issue because it sought to void the pension plan. Therefore, resolution of the case was dependent on the terms of the sales contract, not the pension plan. In this case, the resolution of the claims is dependent on the terms of the pension plan that were incorporated into the annuity contracts. Accordingly, Machlup's sole assigned error is overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellees recover from appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
TIM McCORMACK, J., CONCUR