[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 9.]

VILLAGE OF SHEFFIELD, APPELLANT, *v.* ROWLAND, D.B.A. ROWLAND
ENTERPRISES, APPELLEE.

[Cite as *Sheffield v. Rowland*, 1999-Ohio-217.]

*Municipal corporations—Health and safety—Construction and demolition debris—Sections 660.19, 1155.05(o), 1155.05(hh), and 1155.05(nn) of the Sheffield Village Codified Ordinances conflict with R.C. Chapter 3714.*

(No. 98-1674—Submitted May 25, 1999—Decided October 13, 1999.)

APPEAL from the Court of Appeals for Lorain County, No. 97CA006847.

————————————

{¶ 1} Defendant, Browning-Ferris Industries of Ohio, Inc. ("BFI"), proposed to construct and operate a construction and demolition debris facility in an Industrial District in the village of Sheffield ("Sheffield"). Plaintiff-appellant Sheffield brought an action for declaratory judgment and injunctive relief against BFI on the grounds that the proposed construction would violate several provisions of the Sheffield Village Codified Ordinances. The codified ordinances prohibit, among other things, most excavations, Section 660.19; "[g]arbage, offal, dead animals or refuse reduction or storage," Section 1155.05(o); "[s]torage, sorting or baling of junk, scrap metal, paper or rags," Section 1155.05(hh); and "uses which may be noxious or offensive by reason of the emission of odor, dust, smoke, vibration or noise," Section 1155.05(nn). BFI counterclaimed, arguing that the proposed construction was not in violation of the codified ordinances, and, in the alternative, that state law preempted the ordinances.

{¶ 2} Both sides filed motions for summary judgement. Sheffield's motion was denied; BFI's motion was granted. The trial court held that state law preempted the ordinances and did not address whether the proposed construction would violate

those ordinances.  The court of appeals affirmed.

**{¶ 3}** The cause is now before this court upon the allowance of a discretionary appeal.

_____

*Michael Szekely; Ward & Associates, Alan E. Johnson* and *Leo R. Ward*, for appellant.

*Baumgartner & O'Toole, Daniel D. Mason* and *Kenneth S. Stumphauzer*, for appellee Billy S. Rowland, d.b.a. Rowland Enterprises, assignee in interest to Browning-Ferris Industries of Ohio, Inc.

*Barrett & Weber, C. Francis Barrett* and *M. Michele Fleming*, urging affirmance for *amicus curiae*, Browning-Ferris Industries of Ohio, Inc.

*Barry M. Byron, Stephen L. Byron* and *John Gotherman*, urging reversal for *amicus curiae*, Ohio Municipal League.

_____

**PFEIFER, J.**

**{¶ 4}** In this case, we must determine whether Sections 660.19 and 1155.05 of the Sheffield Village Codified Ordinances are in conflict with R.C. Chapter 3714.  For the reasons that follow, we determine that they are.

**{¶ 5}** Section 3, Article XVIII of the Ohio Constitution states that "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."  The enactment of zoning ordinances is an exercise of the police power, not an exercise of local self-government. *Garcia v. Siffrin Residential Assn.* (1980), 63 Ohio St.2d 259, 17 O.O.3d 167, 407 N.E.2d 1369, paragraph two of the syllabus.  See *Village of Euclid v. Ambler Realty Co.* (1926), 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303. Zoning ordinances "are subject to the constitutional provision that they not be 'in conflict with general law.' " *Garcia* at 270, 17 O.O.3d at 174, 407 N.E.2d at 1377,

2

citing *State ex rel. Klapp v. Dayton Power & Light Co.* (1967), 10 Ohio St.2d 14, 39 O.O.2d 9, 225 N.E.2d 230.  See *Fondessy Enterprises, Inc. v. Oregon* (1986), 23 Ohio St.3d 213, 23 OBR 372, 492 N.E.2d 797, paragraph one of the syllabus.

**{¶ 6}** The test to determine when a conflict exists between a municipal ordinance and a general law of the state is "whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa." *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, paragraph two of the syllabus; *Fondessy Enterprises*, paragraph two of the syllabus.  We must first determine whether R.C. Chapter 3714 is a general law.  If it is not, the test from *Struthers* has no application.

**{¶ 7}** General laws are defined as those "operating uniformly throughout the state * * *, which prescribe a rule of conduct upon citizens generally, and which operate with general uniform application throughout the state under the same circumstances and conditions." *Garcia*, 63 Ohio St.2d at 271, 17 O.O.3d at 174, 407 N.E.2d at 1377-1378, citing *Leis v. Cleveland Ry. Co.* (1920), 101 Ohio St. 162, 128 N.E. 73.  R.C. Chapter 3714 governs the licensing and regulation of construction and demolition debris facilities throughout the state of Ohio.  It appears beyond dispute that R.C. Chapter 3714 is a general law and, as neither party contends otherwise, we so hold.

**{¶ 8}** We must now determine whether R.C. Chapter 3714 and the Sheffield Village Codified Ordinances are in conflict.  No construction and demolition debris facility may be established unless the operator of the proposed facility has obtained a license from the board of health of the health district in which the facility will be located or the Director of Environmental Protection.  R.C. 3714.06(A).  The license is site-specific and there are limitations as to where demolition and construction debris facilities can be licensed.  R.C. 3714.03.  The license application must include accompanying plans, specifications, and information regarding the facility and its method of operation.  R.C. 3714.06(A).  R.C. 3714.06(A) states, "[i]f the

board of health or the director, as appropriate, finds that the proposed facility * * * complies with those rules and standards, the board or director shall issue a license for the facility."

{¶ 9} BFI's proposed construction and demolition debris facility is located in an Industrial District in the village of Sheffield. Although the rules and standards of R.C. Chapter 3714 have been met, Sheffield argues that the facility is prohibited by the Sheffield Village Codified Ordinances Sections 660.19, 1155.05(o), 1155.05(hh), and 1155.05(nn). The ordinances read as follows:

"660.19 EXCAVATIONS

"(a)  No person shall remove or excavate any soil, sand, gravel or other deposit from land so as to create a pit, gully, ditch, depression or other change to the topography of lands in the Village * * *."

"1155.05  INDUSTRIAL DISTRICTS

"In an Industrial District, land may be used and buildings or structures may be erected, altered or used for any purpose except the following

" * * *

"(o)  Garbage, offal, dead animals or refuse reduction or storage.
" * * *

"(hh) Storage, sorting or baling of junk, scrap metal, paper or rags.
" * * *

"(nn) In general, those uses which may be noxious or offensive by reason of the emission of odor, dust, smoke, vibration or noise."

{¶ 10} Upon compliance with the requirements of R.C. Chapter 3714 and the issuance of a license, the operator of a proposed construction and demolition facility is authorized to establish such a facility. R.C. 3714.06(A). However, it is readily apparent that the Sheffield Village Codified Ordinances prohibit such a facility. Thus, the ordinances prohibit what the statute permits and are therefore in conflict with R.C. Chapter 3714.

4

**{¶ 11}** Sheffield argues that there is no conflict, citing *Fondessy*, *supra*. In *Fondessy*, this court upheld a municipal ordinance that imposed a permit fee on all hazardous waste landfills that are located within the city, and required that operators of the facilities keep complete and accurate records. The two additional requirements imposed by the ordinance did not "alter, impair, or limit the operation of a state-licensed hazardous waste facility" and were held valid. *Id.* at 217, 23 OBR at 375, 492 N.E.2d at 801. In the case at bar, the Sheffield ordinances do more than merely impair or limit the operation of a state-authorized facility: they completely prohibit the facility. Nothing in this decision should be construed to suggest that Sheffield cannot restrict state-authorized facilities to certain districts with appropriate zoning. See *Fondessy*.

**{¶ 12}** Appellant's argument that R.C. Chapter 3714 and the Sheffield ordinances are not about the same subject matter and therefore present dual conditions for the construction and operation of a construction and demolition debris facility is likewise not persuasive. See *Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 31 OBR 463, 510 N.E.2d 373. In *Set Products*, the statutory scheme in question, R.C. Chapter 1514, contained a specific provision stating that the applicant must ensure that future land use will not conflict with local zoning plans. *Id.* at 265, 31 OBR at 467, 510 N.E.2d at 378. R.C. Chapter 3714 has no such provision. While dual conditions have been recognized without an explicit statutory provision prohibiting conflict, they are valid only when the municipal ordinances do not alter, impair, or limit the operation of the state-authorized facility. *Fondessy*.

**{¶ 13}** We conclude that Sections 660.19, 1155.05(o), 1155.05(hh), and 1155.05(nn) of the Sheffield Village Codified Ordinances conflict with R.C. Chapter 3714. When, as here, "there is a direct conflict, the state regulation prevails." *Canton v. Whitman* (1975), 44 Ohio St.2d 62, 66, 73 O.O.2d. 285, 288, 337 N.E.2d 766, 770. We hold that R.C. Chapter 3714 preempts Sheffield Village

Codified Ordinances Sections 660.19, 1155.05(o), 1155.05(hh), and 1155.05(nn). Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

———————————

**COOK, J., dissenting.**

{¶ 14} Local zoning ordinances proscribing construction and demolition debris sites may lawfully coexist with state laws that set minimum permit requirements for such sites. When applying the "conflict" test, the majority fails to distinguish statutes that promulgate *minimum* standards from statutes that essentially "preempt the field" by imposing *maximum* standards.

{¶ 15} The majority reasons that because the state permits the operation of construction and demolition debris facilities in R.C. Chapter 3714, Sheffield municipal ordinances forbidding the operation of these facilities in industrial-zoned areas "conflict" with R.C. Chapter 3714 and are therefore invalid under Section 3, Article XVIII of the Ohio Constitution. The majority's application of the "conflict" test from *Struthers,* however, neglects this court's recent decisions that acknowledge a difference between statutes establishing statewide maximum standards and statutes imposing minimum standards on an activity.

{¶ 16} An example of a preemptive statute that establishes a conflict according to the "conflict" test is found in *Eastlake v. Bd. of Bldg. Standards* (1981), 66 Ohio St.2d 363, 367, 20 O.O.3d 327, 330, 422 N.E.2d 598, 601. There, this court concluded that ordinances imposing strict building code standards conflicted with state statutory provisions establishing less restrictive statewide standards. See *id.* The language of the statute under consideration, R.C. 3781.12, specified that "[t]he issuance of the authorization for the use of the materials or

assemblages described in the petition *shall constitute approval for their use anywhere in Ohio*." (Emphasis added.) In *Eastlake*, this court reasoned that "[s]tandardization of industrialized units, as described in R.C. Chapter 3781, necessarily precludes imposition of local requirements which conflict with the practices approved for statewide use." *Eastlake* at 367, 20 O.O.3d at 330, 422 N.E.2d at 601.

{¶ 17} Likewise, this court concluded that a local ordinance calling for security personnel to pay a fee in order to work in a municipality conflicted with state regulatory provisions prohibiting locally imposed fees. *Ohio Assn. of Private Detective Agencies, Inc. v. N. Olmsted* (1992), 65 Ohio St.3d 242, 245, 602 N.E.2d 1147, 1149. Similar to the state law in *Eastlake*, the statute in *Assn. of Private Detective Agencies* explicitly precluded municipalities from charging fees in addition to the fees designated by the state. R.C. 4749.09 provided that "[n]o license or registration fees shall be charged by the state or any of its subdivisions for conducting the business of private investigation, the business of security services, or both businesses other than as provided in this chapter." In reviewing the language of R.C. Chapter 4749, this court held that "[w]here, as here, the fee provision in such ordinance conflicts with the statewide regulatory program established pursuant to R.C. Chapter 4749 and, specifically, the prohibition against the imposition of such fees contained in R.C. 4749.09, it is rendered invalid by operation of Section 3, Article XVIII of the Ohio Constitution." *Id.* at 245, 602 N.E.2d at 1150.

{¶ 18} On the other hand, when considering a statute imposing minimum standards on an activity, this court noted that absent statutory language that limited local regulation, state rules providing minimum requirements for fire safety did not conflict with local rules that imposed stricter standards. *Middleburg Hts. v. Ohio Bd. of Bldg. Standards* (1992), 65 Ohio St.3d 510, 513-515, 605 N.E.2d 66, 68-69.

{¶ 19} This case focuses upon a statute that is similar to the one in

*Middleburg Hts.* and that is unlike the statutes in *Eastlake* and *Assn. of Private Detective Agencies.* The General Assembly included no language in R.C. Chapter 3714 that limits local regulation of construction and demolition debris facilities. Absent is the statutory language of "preemption" reviewed in *Eastlake* or *Assn. of Private Detective Agencies.* Moreover, nowhere in R.C. Chapter 3714 does the General Assembly call for the operation of construction and demolition debris facilities statewide. Instead, R.C. Chapter 3714 sets forth minimum requirements for obtaining an operation permit, and thus local zoning regulation prohibiting such activity does not "conflict" so as to invalidate the zoning.

{¶ 20} I therefore respectfully dissent from the majority's judgment that the Sheffield ordinances conflict with R.C. Chapter 3714, thereby rendering the ordinances invalid pursuant to Section 3, Article XVIII. I cannot agree with the majority's conclusion that a conflict exists between this state law imposing minimum standards for the operation of construction and demolition debris facilities and municipal zoning ordinances disfavoring such activity. I would reverse the judgment of the court of appeals.

_____