DECISION AND JUDGMENT ENTRY
This case is on appeal from the October 13, 1999 judgment of the Wood County Court of Common Pleas, which denied injunction relief to appellant, Center Township Board of Township Trustees. On appeal, appellant (hereinafter referred to as the "Township"), asserts the following assignments of error:
 "ASSIGNMENT OF ERROR #I: THE TRIAL COURT ERRED IN HOLDING THAT EQUITABLE ESTOPPEL PROHIBITS CENTER TOWNSHIP FROM ENFORCING ITS ZONING RESOLUTION AGAINST THE DEFENDANT'S NEW COMMERCIAL CONSTRUCTION AND DEMOLITION LANDFILL.
 "ASSIGNMENT OF ERROR #II: THE TRIAL COURT ABUSED ITS DISCRETION FROM HOLDING THAT THE CENTER TOWNSHIP ZONING RESOLUTION PROHIBITS CONSTRUCTION AND DEMOLITION LANDFILLS AND HENCE, IS IN CONFLICT WITH THE GENERAL LAWS OF OHIO TO LICENSE AND REGULATE SUCH FACILITIES.
 "ASSIGNMENT OF ERROR #III: THE TRIAL COURT ERRED IN HOLDING THAT D-K ENTERPRISES WAS A PUBLIC UTILITY EXEMPT FROM CENTER TOWNSHIP ZONING UNDER ORC 519.211(a).
 "ASSIGNMENT OF ERROR #IV: THE TRIAL COURT ERRED IN HOLDING THAT THE CENTER TOWNSHIP ZONING RESOLUTION WAS VOID IN TOTO."
The Township filed a Complaint for Preliminary and Permanent Injunctive Relief on December 3, 1997 against appellees, Douglas R. Valentine, D-K Enterprises (a sole proprietorship engaged in the business of commercial demolition and construction landfill on sixty acres of land in Center Township), and Douglas R. Valentine, Trustee of the Douglas R. Valentine Living Trust (which owns a .98 acre parcel used in the operation of the landfill business). Appellees are hereinafter referred to collectively as "Valentine."
The Township brought the action pursuant to R.C. 519. It asserted that it has had a zoning resolution in effect since 1966 which prohibits: "Dumping, storing, burying, reducing, disposing of or burning garbage, refuse, scrap metal, rubbish, offal, or dead animals except such as result from the normal use of residential or agricultural premises, unless such dumping is done at a place provided by the Township Trustees for such specific purposes. * * * Junk yards, automobile graveyards, or places for the collection of scrap metal, paper rags, glass, or junk or salvage purposes or for dismantling used vehicles or machinery." Furthermore, the Township alleges that Valentine maintains two manufactured homes on this property without a conditional use permit in violation of Article XVI of the zoning resolution; that Valentine constructed a shed on the property and parked a semi-trailer on the property without receiving a zoning certificate to do so as required by Article XX, Section 3, of the zoning resolution; that Valentine is intending to construct two buildings on the property even though he has been informed that the zoning certificate issued for these buildings was issued in error and has been rescinded; and that Valentine's business is harming the neighboring property.
Valentine answered the complaint and filed a counterclaim seeking declaratory judgment as to whether the zoning resolution is void because it was improperly enacted (Count I); whether Article VIII of the zoning resolution conflicts with the general laws of Ohio (Count II); whether Article VII and VIII of the zoning resolution is unconstitutional as applied to this land (Count III); and whether this action constitutes an unconstitutional taking of property without just compensation (Count IV). Count IV was severed for a separate hearing. Count III was later dismissed by Valentine.
In its second assignment of error, the Township argues that the trial court erred by finding that the zoning resolution, by prohibiting construction and demolition landfills, is in conflict with the general laws of Ohio and, therefore, is void and unenforceable against Valentine.
Sec. 7, Art. VIII of the zoning resolution which prohibits: "dumping * * * disposing of or burning garbage, refuse, scrap metal, rubbish, offal, or dead animals * * * unless such dumping is done at a place provided by the Township Trustees for such specific purposes." Valentine contends that this section conflicts with R.C. Chapter 3714.
R.C. Chapter 3714 governs the licensing and regulation of construction and demolition debris facilities throughout the state of Ohio. This chapter has been declared to be a general law. Village of Sheffield v.Rowland (1999), 87 Ohio St.3d 9, 11. Under this chapter, the operator of a proposed construction and demolition facility is authorized to establish such a facility after compliance with the requirements of R.C. Chapter 3714 and the issuance of a license. R.C. 3714.06(A).
The test to determine whether a conflict exists between Center Township's zoning resolution and R.C. Chapter 3714 is "whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa." Fondessy Enterprises, Inc. v. Oregon (1986),23 Ohio St.3d 213, paragraph two of the syllabus; and Struthers v. Sokol
(1923), 108 Ohio St. 263, 140 N.E. 519, paragraph two of the syllabus.
The trial court interpreted the zoning resolution as prohibiting all construction and demolition landfills within the township except for the Township's landfill. We agree with the trial court's conclusion. The term "provided by" clearly indicated that the Township will provide the only public landfill site. This interpretation is supported by the Township's own witnesses (the zoning inspector for Center Township, the Director of Wood County Planning Commission, and a township trustee) who all testified that the Township's zoning ordinance prohibits all private landfills. While the Township could have controlled the location of the landfill, it could not prohibit its presence in the township.
Appellant's second assignment of error is not well-taken. Having found that the trial court did not err in finding that the Center Township Zoning resolution is void and unenforceable against Valentine, we find the remaining assignments of error are moot.
Having found that the trial court did not commit error prejudicial to the Township, the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, the Township is hereby ordered to pay the court costs incurred on appeal.
 ________________________ HANDWORK, J.
 Richard W. Knepper, P.J., Mark L. Pietrykowski,J., JUDGES CONCUR.