OPINION
Defendant-appellant, James Stephens, appeals the denial of his motion to suppress evidence and subsequent conviction by the Fairfield Municipal Court for obstructed license plates and driving under the influence ("DUI").
Appellant was driving a pick-up truck on the afternoon of January 1, 2001, when he was pulled over by Fairfield Police Officer L. Cresap for an alleged violation of a Fairfield city ordinance concerning obscured license plates.
The officer testified that the ball hitch on appellant's vehicle obscured a portion of appellant's rear plate. After a repositioning of her cruiser failed to eliminate the obstructed view, Officer Cresap stopped appellant's vehicle. The officer testified that appellant left his vehicle and walked back toward Officer Cresap's cruiser before she had the opportunity to exit her vehicle. The officer testified that she told appellant to return to his vehicle. He did so after some hesitation, only to attempt to walk back toward the police vehicle on two more occasions.
Officer Cresap stated that appellant appeared to be unsteady on his feet, leaned on his vehicle for support, exhibited glassy, bloodshot eyes, slow, slurred speech, and had an odor of alcoholic beverages on his breath.
Appellant told the officer that he was collecting empty beer cans in his vehicle, but that he had not had anything to drink. He also informed the officer that he did not have a driver's license because it had been suspended for a prior DUI conviction.
The officer administered field sobriety tests. Appellant failed the horizontal gaze nystagmus test with six clues and performed poorly on two other field sobriety tests. Appellant was arrested and charged under Fairfield city ordinances dealing with obscured license plates and driving under the influence.
Appellant filed a motion to suppress, disputing the traffic stop and the constitutionality of the license plate ordinance. The trial court denied the motion to suppress and appellant was convicted in a bench trial of the statutory versions of DUI and obscured plates. Appellant appeals and raises two assignments of error.
Assignment of Error No. 1:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN DENYING HIS MOTION TO SUPPRESS THE TRAFFIC STOP OF DEFENDANT-APPELLANT AND ANY EVIDENCE OBTAINED AS A RESULT OF THAT STOP."
Our review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. We are bound to accept the factual determinations of the trial court from the suppression hearing so long as competent and credible evidence supports these factual determinations.State v. Harris (1994), 98 Ohio App.3d 543, 546. The application of the law to those facts, however, is then subject to de novo review. Id.
Appellant argues that the stop was improper because Officer Cresap could have read his entire license plate without stopping him if she had changed lanes to view the plate.
The ordinance at issue, Fairfield Ordinance 335.10, states, "No person shall operate a motor vehicle, upon which license plates are required by law to be displayed, unless the license plates legally registered and issued for such vehicle shall be fastened in such a manner, and not covered, obscured or concealed by any part or accessory of such vehicle or by any foreign substance or material, to be readable in its entirety from left to right."
Officer Cresap testified that she attempted to change her angle of sight within her lane of travel while following appellant, but was unable to view the entire license plate. The trial court ruled and we find that there was competent and credible evidence that appellant's license plate was obscured and was, therefore, in violation of the local ordinance. The ordinance does not require that the officer try all possible vantage points to view the obstructed license plate.
Appellant further argues that once appellant was stopped and the officer could view the license plate, the reason for the stop ceased and all the evidence gathered from the events that followed was illegally obtained. We reject appellant's argument for two reasons. First, the act of having a license plate that is obscured violates the ordinance, and a citation could issue at that point. The fact that the plate could be viewed in its entirety if the officer walked over to the rear of appellant's vehicle does not negate the violation and the traffic stop to address the violation.
Secondly, Officer Cresap testified that she was not able to view the entire license plate before appellant approached her vehicle and began displaying the alleged indicia of driving under the influence. The trial court did not err in finding that Officer Cresap properly executed a traffic stop on appellant.
Appellant raises the additional argument that the denial of the motion to suppress was error because the conduct of appellant did not give specific and articulable facts justifying the field sobriety tests. The determination of the existence of a reasonable, articulable suspicion to conduct field sobriety tests depends on the totality of the relevant circumstances. State v. Evans (1998), 127 Ohio App.3d 56, 63.
Officer Cresap testified that appellant was unsteady on his feet, leaned on his vehicle for support, failed to follow her instructions to remain with his vehicle during the initial stop, exhibited glassy, bloodshot eyes, and slow, slurred speech, and had the smell of alcoholic beverage on his breath. Appellant had empty beer cans in his vehicle and was under a license suspension for a previous DUI conviction.
The officer had reasonable, articulable suspicion to perform field sobriety tests and lawfully continued the detention to confirm or dispel her suspicions that appellant was driving under the influence. State v.Robinson, Greene App. No. 2001 CA 118, 2002-Ohio-2933.
Appellant advances a second argument in his first assignment regarding the constitutionality of the Fairfield city ordinance. Appellant asserts that the Fairfield license plate ordinance conflicts with the state statute in R.C. 4503.21 and that the ordinance impedes interstate commerce.
Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws. Section 3, Article XVIII, Ohio Constitution. To determine if a conflict exists between a general law and a local ordinance, a court must look to see if the local ordinance permits or forbids what a general law forbids or permits. Sheffield v. Rowland,87 Ohio St.3d 9, 11, 1999-Ohio-217, citing Village of Struthers v. Sokol
(1923), 108 Ohio St. 263.
R.C. 4503.21, states, in pertinent part, that: "No person who is owner or operator of a motor vehicle shall fail to display in plain view on the front and rear of the motor vehicle the distinctive number and registration mark * * *. All license plates shall be securely fastened so as not to swing, and shall not be covered by any material that obstructs their visibility."
As the trial court found, the local ordinance is perhaps more detailed in its description of materials or objects that obstruct, but "harmonizes" with the statute and is not in conflict. Neither the ordinance nor the statute mandates where on the rear of the vehicle the plate must be located, only that the numbers and registration be visible and not obstructed.
We also reject appellant's argument that the local ordinance "seriously impedes interstate commerce." When reviewing an ordinance under a constitutional challenge, it is well-established that such ordinances enjoy a presumption of constitutionality and a court must, if at all possible, construe the ordinance in a light most favorable to the enacting legislative body. State v. Dorso (1983), 4 Ohio St.3d 60, 61. States may impose local regulations affecting interstate commerce as long as such regulations do not impose undue burden on the flow of that commerce. Clause 3, Section 8, Article I, United States Constitution; Panhandle E.Pipe Line Co. v. Pub. Util. Comm. (1978), 56 Ohio St.2d 334, 339.
Appellant argues that the Fairfield ordinance results in a prohibition against vehicles with hitches, trailers and the like and would violate the Commerce Clause. We disagree. The Fairfield ordinance does not prohibit the use of hitches, ball hitches, trailers or the like. The ordinance simply proscribes the obstruction of the license plate.
The trial court's factual findings and application of the law was proper as to the Fairfield license plate ordinance. Further, the trial court properly ruled that Officer Cresap lawfully expanded the scope of the stop to perform field sobriety tests. The trial court did not err in denying appellant's motion to suppress. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FINDING HIM GUILTY OF DRIVING UNDER THE INFLUENCE OF ALCOHOL WHEN EVIDENCE PRESENTED AT TRIAL DID NOT DEMONSTRATE HIS GUILT BEYOND A REASONABLE DOUBT."
Although appellant fashions this argument as disputing the manifest weight of the evidence, appellant also presents assertions involving the sufficiency of the evidence. These arguments are two distinct concepts.
In resolving the sufficiency of the evidence argument, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus.
R.C. 4511.19(A) states in pertinent part, that "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse."
Officer Cresap testified that appellant displayed several indicia of driving under the influence, prompting the administration of field sobriety tests. Appellant performed poorly on the horizontal gaze nystagmus test and the other field sobriety tests. Officer Cresap testified that she had to explain the test instructions to appellant repeatedly. Appellant would often lose his balance and was unable to successfully perform the maneuvers. Once arrested and taken to the police station, appellant refused the breath analysis test, and according to Officer Cresap, stated that he knew he would "blow over" because he "got obliterated" last night.
Construing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of driving under the influence beyond a reasonable doubt.
In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence.State v. DeHass (1967), 10 Ohio St.2d 230.
We have outlined the evidence presented by the prosecution on the DUI offense. Appellant presented testimony that his demeanor during the initial traffic stop and poor performance on the field sobriety tests were attributed to his fatigue from working all day with little sleep and his problem with sore foot arches. Appellant testified that he had been drinking on New Year's Eve, but had not been drinking before he was stopped. Appellant stated that he refused the breath test because previous experience taught him that the breath test may register a high reading, even though he was not under the influence, because he had been drinking the night before.
Viewing the record before this court, the trial court, as trier of fact and in the best position to judge witness credibility, clearly did not lose its way and create such a manifest miscarriage of justice that the conviction must be overturned. Appellant's conviction for driving under the influence is supported by the manifest weight of the evidence. Appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.