{¶ 11} I respectfully dissent.
{¶ 12} While I readily concede that my learned colleagues correctly state that the validity of a zoning regulation may be challenged in two ways: first, by appealing an administrative zoning decision through Chapter 2506 of the revised code; or by means of a declaratory judgment pursuant to Chapter 2721 of the revised code; this case is not about a challenge to zoning regulations.
{¶ 13} This case concerns an existing injunction and the ability of the court which issued that injunction to modify or alter it. Whether there was a motion to modify, or a motion for Civ.R. 60(B) relief which was treated as a motion to modify, is ambiguous; but it is clear from the trial court's opinion that the appellees' pleadings were treated as a motion to modify. Indeed, the trial court had continuing jurisdiction over its equitable order and, absent an abuse of discretion, could alter or modify that order. The trial court modified its order because the Supreme Court of Ohio, in Sheffield v. Rowland (1999), 87 Ohio St.3d 9, subsequently required modification or dissolution of the injunction upon being presented to the trial court. I would affirm.