OPINION *Page 2 
{¶ 1} Appellants Osnaburg Township Zoning Inspector, Osnaburg Township and Osnaburg Board of Trustees ("Appellants") appeal the January 16, 2008 entry of the Stark County Common Pleas Court which granted summary judgment in favor of Appellee Eslich Environmental, Inc. ("Appellee") as to one count (Count ll) of Appellee's Counterclaim and Third-Party Complaint.
 {¶ 2} This appeal pertains to the operation of a Construction and Demolition Debris ("C DD") disposal facility that has operated in Osnaburg Township since 1961. The stipulated facts are as follows:
 {¶ 3} Appellant, Osnaburg Township Zoning Inspector, Dorothy Bucher, is the duly appointed and acting zoning inspector for Osnaburg Township, Stark County, Ohio.
 {¶ 4} Appellee owns approximately 175 acres located at 7280 Lisbon St. S.E., East Canton, Osnaburg Township, Stark County, Ohio (the "Property").
 {¶ 5} Appellee purchased the Property in July, 1989, from the Crescent Brick Company, and the transfer was duly recorded in October, 1989.
 {¶ 6} The Property is located in the unincorporated portion of Osnaburg Township, Stark County, Ohio. The zoning of the Property is controlled by Osnaburg Township's Zoning Resolutions, adopted November 7, 1961, including text and maps.
 {¶ 7} The Property is in an area which is designated as an R-1 Single Family Residential District pursuant to Osnaburg Township Zoning Resolution § 702 and has been designated as Single Family Residential since the establishment of zoning regulations in 1961. *Page 3 
 {¶ 8} The operation of a C DD disposal facility is not a Permitted Use in an R-1 Single Family Residential District under the Osnaburg Township Zoning Resolution.
 {¶ 9} The operation of a C DD disposal facility is a Conditionally Permitted Use in the 1-2 General Industrial District under the current Osnaburg Township Zoning Resolution.
 {¶ 10} A nonconforming use is permitted to continue in a district in which it does not conform to the existing zoning pursuant to R.C. 519.19
and Article X of the Osnaburg Township Zoning Resolution.
 {¶ 11} Under date of March 26, 1990, the Osnaburg Township Board of Zoning Appeals issued a Certificate of Non-Conforming Use to Appellee related to the Property.
 {¶ 12} From 1989-1996, Eslich Environmental operated the C DD disposal facility on the Property.
 {¶ 13} In approximately 1996, non-party Stark C D Disposal, Inc. ("Stark C D") began leasing the Property from Eslich Environmental in order to take over operations of the C DD disposal facility on the Property.
 {¶ 14} Since 1996, Stark C D has operated the C DD disposal facility on the Property.
 {¶ 15} As of September 30, 1996, and through the present, approximately twenty and two/tenths (20.2) acres are designated as the Active Licensed Disposal Area under the annual license issued to Stark C D by the Stark County Board of Health.
 {¶ 16} Stark C D is presently licensed by the Stark County Health Department for 20.2 acres of "active licensed disposal area" and an additional 8.5 acres of "inactive licensed disposal area." *Page 4 
 {¶ 17} A 2006 Stark C D application to the Stark County Health Department requested an increase in the inactive licensed disposal area from 8.5 acres to 95.5 acres. This application was denied by the Stark County Board of Health on November 28, 2007.
 {¶ 18} The Stark County Board of Health has approved and renewed Stark C D's license every year since 1996 to the present.
 {¶ 19} On May 30, 2007, Appellant, the township zoning inspector, who was authorized to enforce the township zoning resolution, filed a complaint for injunctive relief to prevent any expansion of the nonconforming use. The zoning inspector alleged the landfill has greatly expanded from its original 2-acre nonconforming size to 20.2 acres, with the possibly an additional 8.5 acres and/or 95 acres of active disposal area if approved by the Stark County Health Department. None of the past or future expansion was approved by the Osnaburg Township Board of Zoning Appeals.
 {¶ 20} Upon consultation with the trial court on June 1, 2007, the parties agreed that no imminent use of the area outside the 20-acre active licensed disposal area would occur and the matter was submitted to the Court for determination. Appellee filed its Answer, Affirmative Defenses, and Counterclaims on June 27, 2007. A Third-Party Complaint was filed with leave of the trial court on September 19, 2007 restating Appellee's Counterclaim allegations.
 {¶ 21} Appellee alleged that the nonconforming use of the Property is applicable to all 175 acres of the Property for the operation of a licensed C DD disposal facility (Count I); that the R-1 zoning regulation adopted by Osnaburg Township are preempted by Ohio law applicable to the licensing of C DD disposal facilities (Count II); and that *Page 5 
the R-1 Single Family Residential Zoning classification as applied to Eslich's property by Plaintiff is unlawful, illegal, unreasonable, and unconstitutional (Count III). Appellee filed a partial motion for summary judgment on Count II of its Counterclaim and Third-Party Complaint, which alleges that the R-1 Single Family Residential District is preempted by R.C. Chapter 3714.
 {¶ 22} Appellants then filed a cross-motion for summary judgment on all claims of Appellee's Counterclaims and Third-Party Complaint. Appellants concede that Appellee's C DD facility is permitted despite its location in the R-1 but only to the extent that it existed as a nonconforming use in 1961, and no more. Appellants rely upon R.C. 519.19
and Article X of the Zoning Resolution of Osnaburg Township for its contention that Appellee is required to obtain approval from the Osnaburg Board of Zoning Appeals in order to expand beyond its original 2-acre size despite having received a license, at least for part of the expansion, from the Stark County Board of Health pursuant to R.C. Chapter 3714.
 {¶ 23} R.C. 519.19 reads:
 {¶ 24} "The lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued, although such use does not conform with such resolution or amendment, * * *
 {¶ 25} "The board of township trustees shall provide in any zoning resolution for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon such reasonable terms as are set forth in the zoning resolution." *Page 6 
 {¶ 26} Article X of the Zoning Resolution of Osnaburg Township, which applies to nonconforming uses, states in part:
 {¶ 27} "A nonconforming building, structure, or use existing at the time this Resolution takes effect may be altered or enlarged as to extend such use or structure not to exceed an additional twenty-five (25) percent in square foot area of the original nonconforming use, as determined by the Board of Zoning Appeals. Such alteration or enlargement shall not take place unless a permit has first been obtained from the Board of Zoning Appeals as set forth hereinafter."
 {¶ 28} The trial court granted summary judgment in favor of Appellee holding that Article X of Osnaburg was preempted by R.C. Chapter 3714. The trial court stated that the "parties appear to agree that the appropriate issue is whether Article X of the Zoning Resolution of Osnaburg Township ("Osnaburg"), limiting the expansion of the nonconforming use, `conflicts with a general state law.'"[1] The trial court then overruled Appellants' motion for summary judgment.
 {¶ 29} It is from this decision that Appellants appeal.
 {¶ 30} Appellants raise a single Assignment of Error:
 {¶ 31} "I. THE TRIAL COURT COMMITTED ERROR IN RULING THAT PREEMPTION APPLIED TO PROHIBIT LOCAL ZONING REGULATIONS OF A CONSTRUCTION AND DEMOLITION DEBRIS LANDFILL." *Page 7 
 I. {¶ 32} Appellants argue in their sole assignment of error that the trial court committed error by granting summary judgment and finding that state law preempted a local zoning ordinance. We agree in part and disagree in part.
 {¶ 33} For the reasons that follow, we hold Appellee is entitled to limited summary judgment on Count ll of its Counterclaim and Third-Party Complaint. Specifically, Appellee is entitled to a declaration that R.C. 3714 preempts the R-l Single Family Residential District zoning classification as applied to the Property for only the acreage of the Property that is, in fact, licensed for active or inactive disposal by the Stark County Board of Health pursuant to R.C. 3714. To the extent it is not, the R-1 Single Family Residential zoning classification of Osnaburg Township is not in conflict with R.C. 3714.
 {¶ 34} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,506 N.E.2d 212.
 {¶ 35} Civil Rule 56 (C) states in part:
 {¶ 36} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Page 8 
 {¶ 37} Summary judgment is a procedural device to terminate litigation so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,604 N.E.2d 138.
 {¶ 38} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 39} The validity of a zoning regulation can be attacked in two ways: (1) an appeal from an administrative zoning decision, pursuant to R.C. Chapter 2506; and (2) a declaratory judgment, pursuant to R.C. Chapter 2721. Karches v. Cincinnati (1988), 38 Ohio St.3d 12,526 N.E.2d 1350, paragraph one of the syllabus; Joseph Airport Toyota, Inc. v.Vandalia, 2nd Dist. No. 18904, 2002-Ohio-928.
 {¶ 40} The validity of the zoning regulation in this case came before the trial court as a declaratory judgment action in Count II of Appellee's Counterclaim (¶ 23) and Third-Party Complaint (¶ 24), alleging:
 {¶ 41} "Pursuant to Ohio Revised Code § 2721.03, Defendant is entitled to a declaration that the R-1 Single Family Residential zoning classification as applied to the *Page 9 
Property is invalid under Article XVIII of the Ohio Constitution because it is in conflict with the general law of the State of Ohio, including Chapter 3714 of the Ohio Revised Code and related regulations governing the licensing and operation of C DD disposal facilities."
 {¶ 42} Section 3, Article XVIII of the Ohio Constitution states that "[m]unicipalities shall have the authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."
 {¶ 43} R.C. 504.04(A) mirrors this provision and states:
 {¶ 44} "A township that adopts a limited home rule government may * * *, by resolution, * * * (2) Adopt and enforce within the unincorporated area of the township local police, sanitary, and other similar regulations that are not in conflict with general laws * * *."
 {¶ 45} While the statute governing declaratory judgment actions "grants the general authority to test the construction of a law, there must exist a justiciable issue for declaratory relief to ensue."State ex rel. Bolin v. Ohio Environmental Protection Agency (1992),82 Ohio App.3d 410, 415, 612 N.E.2d 498. In order to grant declaratory relief, there must exist "`a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" Bilyeu v. Motorists Mut. Ins. Co. (1973),36 Ohio St.2d 35, 37, 65 O.O.2d 179, 303 N.E.2d 871, quoting Aetna LifeIns. Co. v. Haworth (1937), 300 U.S. 227, 241, 57 S.Ct. 461,81 L.Ed. 617. *Page 10 
 {¶ 46} In the instant matter, Appellee contends "[b]y zoning the area comprising the Property as R-1 Single Family Residential, however, Osnaburg Township has completely prohibited Stark C D's facility on the Property. Therefore, Osnaburg Township's zoning regulations are in conflict with the general laws of the state of Ohio governing the siting and operation of C DD disposal facility. See, Motion for Partial Summary Judgment, p. 6-7. Appellee's motion is supported by the affidavit of Richard Eslich, president of Appellee. In the affidavit, Eslich states, in relevant part:
 {¶ 47} "Despite the issuance of a valid Certificate of Non-Conforming Use, Osnaburg Township and the Plaintiff in this case have refused to recognize that the operation of the C DD facility on the Property is a legal, permitted, non-conforming use within the R-1 Single Family Residential District classification.
 {¶ 48} "Osnaburg Township and the Plaintiff have refused to acknowledge that the Osnaburg Township's zoning classification of the Property is preempted by state law, under which the C DD disposal facility on the property has been licensed and approved by the Stark County Board of Health."
 {¶ 49} Affidavit of Richard M. Eslich, ¶ 12-13.
 {¶ 50} In response, Appellants submit it has allowed the operation of a C DD landfill facility since Appellee purchased the property. In 1990, Appellants issued a nonconforming use certificate to Appellee at a time the facility was licensed by the Stark County Health Department for two acres of disposal. In its complaint for injunctive relief, Appellants only seek an injunction to prevent expansion beyond this acreage. *Page 11 
 {¶ 51} We begin our analysis by noting the Ohio General Assembly established comprehensive schemes for regulating the disposal of construction and demolition debris, solid wastes and hazardous wastes. See, R.C. Chapters 3714 and 3734.
 {¶ 52} R.C. Chapter 3714 governs the licensing and regulation of construction and demolition debris facilities throughout the state of Ohio. This chapter has been declared to be a general law. Village ofSheffield v. Rowland (1999), 87 Ohio St.3d 9, 11, 716 N.E.2d 1121.
 {¶ 53} Under this chapter, the operator of a proposed construction and demolition facility is authorized to establish such a facility after compliance with the requirements of R.C. Chapter 3714 and the issuance of a license by the health district in which the facility is located. R.C. 3714.06(A).
 {¶ 54} Courts have held that "* * * the [Ohio] legislature intended for the state through the Ohio EPA to preempt and solely occupy the licensing and regulation of solid waste disposal and sanitary landfill facilities. However, local zoning does play a pivotal role in the installation and chartering of these facilities. Once the Ohio EPA has granted approval, its permit is subject to those local zoning provisions which do not conflict with the environmental laws and regulations approved by the state." Clarke v. Bd. Of County Comm'rs ofWarren County, 12th App. No. CA2005-04-048, 2006-Ohio-1271, quoting,Families Against Reily/Morgan Sites v. Butler County Bd. of ZoningAppeals (1989), 56 Ohio App.3d 90, 94, 564 N.E.2d 1113.
 {¶ 55} The test for determining whether a conflict exists between a township's zoning resolution and R.C. Chapter 3714 is "whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa." Fondessy Enterprises, Inc. *Page 12 v. Oregon (1986), 23 Ohio St.3d 213, 492 N.E.2d 797, paragraph two of the syllabus; and Struthers v. Sokol (1923), 108 Ohio St. 263,140 N.E. 519, paragraph two of the syllabus.
 {¶ 56} We further note the issue of preemption is not ripe for a court's consideration until such time as a state license or permit to operate the C DD facility has actually been issued. Trans Rail Americav. Hubbard Twp. (2007) 172 Ohio App.3d 499, 875 N.E.2d 975.
 {¶ 57} Applying the above, this Court finds that the R-1 Single Family Residential District designation of Osnaburg Township is preempted by state law as to only the acreage of the Property that is currently licensed by the Stark County Health Department pursuant to R.C. Chapter 3714 for active or inactive disposal. This conclusion is supported by the Ohio Supreme Court's decision in Sheffield, wherein it was stated: "[w]hen the requirements of R.C. Chapter 3714 are met and a license is issued thereunder, any zoning regulation that prohibits the operation of such a facility is in "direct conflict" and thus, "the state regulation prevails". Sheffield, supra, at 12-13, 716 N.E.2d 1121.
 {¶ 58} Conversely, this Court finds the R-1 Single Family Residential designation of Osnaburg Township is not preempted by state law as to acreage of the Property that is not currently licensed by the Stark County Health Department pursuant to R.C. 3714. No conflict exists under these circumstances as Osnaburg Township has not prohibited which R.C. 3714 permits. This issue is not ripe for adjudication and this Court will not issue an advisory opinion. *Page 13 
 {¶ 59} For these reasons, Appellee is entitled to only limited summary judgment upon Count II of the Counterclaim and Third-Party Complaint.
 {¶ 60} The decision of the Stark County Common Pleas Court granting summary judgment in a favor of Appellee is affirmed in part and reversed in part.
 Delaney, J., Farmer, P.J. and Wise, J., concur. *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed in part, reversed in part and cause remanded for proceedings consistent with the Memorandum-Opinion. Costs assessed equally to the parties.
[1] As an initial matter, we must note that the trial court's framing of the dispositive issue does not correspond to the allegations of Appellee's Counterclaim and Third-Party Complaint for declaratory relief. We will address the claims of the parties as they are set forth in the pleadings and dispositive motions. *Page 1